Judge Marshall
delivered the Opinion of the Court.
Gazzam, as first indorsee of a bill of exchange, brought this action of assumpsit against the executor of Armstrong, the acceptor; and having failed to recover a judgment in the Circuit Court, conies here, by appeal, for the correction of alleged errors, to his prejudice, in the record.
• The bill, dated on the first of December, 1832, was drawn by James Adams jr. & Co.^of Pittsburgh, upon Johnston Armstrong, for fifteen hundred dollars, payable, four months after date, to Samuel P. Darlington, or order, at the Branch Bank of the United States at Cincinnati. It was accepted by Armstrong, indorsed by Darlington, and sold to the Branch Bank of the U. S. Bank at Pittsburgh; whence it was sent, for collection, to the Branch at Cincinnati, where it was payable, with the indorsement of the cashier of the Pittsburgh Branch, which appears to have been filled by making the bill payable to the cashier of the Branch at Cincinnati, whose name is also indorsed. It fell due on the 1st and'4th of April, 1833. On the 3d of April, Gazzam, in consequence of a letter from James Adams jr., one of *555 the drawers, requesting him to lift the acceptance, paid the amount into the Bank and took up the bill, before it was protested, and without any declaration as to his motive or olrject in doing so. Having failed to obtain full payment from Adams, upon whom he had drawn for the amount, as directed by him, he filled up the indorsement of Darlington to himself, and brought this suit, as a party to the bill, upon the acceptance of Armstrong.
The case was tried upon the general issue, and a special plea stating the substance of the foregoing facts,, with the additional averment, that Armstrong had accepted the bill for the accommodation of the drawers, and without consideration.
And it wras proved that the acceptance was for accommodation, as stated in the plea, and that the acceptor had not, at its date, nor afterwards, any effects of the drawers in his hands.
On the trial, the plaintiff exhibited the letter from Adams above alluded to, in which the writer says— “ There is an acceptance of Mr. Johnston Armstrong of “ Maysville, to me, payable at Cincinnati, for fifteen hun- “ dred dollars, due 1 — 4 of April,5 which I have agreed to-“meet;” and, after stating the reasons why it will be inconvenient for him to do so, proceeds — “I will, there“fore, be much obliged to you, if you.will negotiate a, “ bill on me, at four months, or ninety days, for the “ amount, adding interest and exchange, and lift J. A’s.. “ acceptance with the proceeds.. You can, of course,. “ for your security, hold Mr.. Armstrong’s acceptance “ until you hear of your draft on me being regularly “ paid.” The writer then requests, to be speedily informed, whether the arrangement can- be effected, as in. case of failure, he wishes to be in time “to remit a check, to meet the acceptance.”
Gazzam proved by one of his own- clerks, that in pursuance of this letter, he paid the money for the acceptance,‘on the faith' of the solvency of the acceptor, as well as the drawer,’ and received the bill from the Bank; that he drew upon Adams for the amount, of which .about five hundred dollars remained unpaid, and that he had not, for some years before, had any transactions- *556 with him. It was also, proved, that when the. bill be— came due,, Adams was reputed to be solvent, but that he afterwards became entirely insolvent,
no^party bill, pays it, at, ^entf^’oT for the honor, of not^'looiT’to^a drawee, ^w.ho,. ' oration or effects* accepted for the drawer’s accommodation.
A bill of exr change is negotiable till it is. paid, and each party, who- has-used due diligence, may resort to all or any of the preceding, parties, in case-of protest..
Any holder- of'a hill may fill np the last, or any previous, blank indorsement. The acceptor, - i& liable to- any bona fide holder. cd in the’ regulas ^s^althoMhe acceptance was. dkawer’saccom-' modation, wjthout funds.
A stranger may take up a bill for the honor of the parties, or any ofthem, and thus, acquire the rights of an indorsee —provided, he makes the payment after protest, causes anotarial act to be be made, showing why, and for whom, he made the payment,and gives immediate; notice to all parties to whom he intends to resort for indemnity.—
*556 Several instructions moved for by the plaintiff, were-refused, and the Court gave others asked for by the defendant, which were of the following import. That if. the plain tiff had paid the bill as the agent of the drawer,, or if he paid it for the honor of the drawer, he could not-maintain the action against the acceptor if the aceeptance was without consideration or effects, and for the accommodation' of the drawers.
Both branches of this proposition are, m our opinion, correct. The first is too obviously so, to, need remark; nor can there be any real difficulty with respect to the second* A bill is negotiable in the course of business until it is paid, and if negotiated by indorsement and delivery, each purchaser becomes a party to it, and may, upon the condition of due diligence, hold, each preceding party liable, in case the bill is dishonored at maturity. In such case, also, any holder of the bill may fill up the first or- any other blank indorsement payable to himself.. And, according to the modern doctrines, notwithstanding the fact that the bill was accepted for the accommodation of the- drawer, and, without effects, the acceptor is liable to any bona fide indorsee. It is also true, that a stranger to the bill may, by paying it for ihe honor of Parties, acquire aright of action against all of them,, and will be considered as standing in- the place of a bona, i^e'^°^er* But to entitle him to this attitude, he must pay the bill, not for the honor of any one, but of all of the parties,, and n.ot before, but after, protest; and the payment should be- accompanied by a declaration, evidenced by a notarial act, showing why, and for whom the payment was made, and of all this the parties intended to be charged, should have notice* Chitty on Bills, 320-1; Ib. 242, and note c* The right of a stranger to constitute himself the creditor of anothter, by paying his debt without his concurrence, is unknown to the common law. It is. allowed by the law merchant, for the benefit of trade, and cannot be recognized unless the form of proceeding sanctioned b,y the custom ofmer-. *557 chants be substantiality pursued. The propriety of the requisition, that before a stranger pays a bill, it should be protested, and'that notice should be given to the parties lor whom the payment is made, is rendered apparent by the. passages above referred to, and especially by the citation from Forbes on Bills — Chilly, 242, note c.
But— Wbetheroi.ewho. pays the bill, at the request of a party, when, or before it is due* and without these-formalities, can fill up the indorsement, and make himself a party to the bill —or must rely exclusively upon, those for whom., he made the advance, and whom, he can charge up-, on common law principles — quere But held,that no one can thus acquire a right of' action, or demand, against any party sub~ sequent to Kim,.' for whom he? made the payment, and can* at most, only-take his place as to antecedent parties. So, in this case, as the drawer, ifhehad, taken up the bill*, would have had no claim on the-acceptor, who, accepted for his. accommodation, without funds* neither has the agent or friend of the drawer, who paid the bill for him — though informed that he. might rely on the acceptance for security — for the drawer could con fer upon his agent or friend no rights that he did not himself possess.
From a consideration of these authorities, we are inclined to the opinion, that the payment of the bill by the plaintiff, before it was protested, and without any of the formalities prescribed by mercantile usage, did not make him a party to the bill, so as to authorize him to fill up any indorsement to himself, and maintain an action upon it in his own name. But that his remedy was merely for the payment of the money, and against such party as, upon common law principles, might be liable for its reimimbursement. In which case, he could only recover against the party who had authorized, or sanctioned, the payment. Chitty on Bills, 320- — 1.
But this point is not, and need not be decided, for if it were admitted, that by a payment made at the request of one of the parties, before the bill was actually due, the plaintiff became entitled to make himself a party to it, and to maintain an action upon it, we are decidedly of the opinion, that he acquired no demand, or right of action, against any party subsequent to the one for whom he made the payment, and that even against the preceding parties, he was only substituted to the rights of that party, in the same condition as if he had paid the bill himself.
If the plaintiff had paid the bill, supra protest, for the honor, or at the special request of one of the parties, with all the formalities prescribed by the law merchant, he could only have looked to the party for whom he' made the payment, and through him to such as were liable to him. And as the accommodation acceptor, without effects, would not be liable to the drawer, he would not be liable to one who paid for the drawer. It is accordingly laid down by Chitty, that a person taking up a bill for the honor of the drawer has no rights against the acceptor without effects. Chitty on Bills, 320, 321. And thisus the proposition contained in the instructions given.
*558 The instructions asked for by the plaintiff, and refused by the.Court, need not be particularly noticed. The propositions contained in them, are in general true, as applicable to the rights of an indorsee or purchaser of a bill of exchange, in the regular course of its negotiation. But they are not considered to be applicable to the case of a payment by a third party, in honor of the drawer of an accommodation bill; especially, when made, asm the-present instance, at the special request and for the special accommodation of the drawer, and with information that he had agreed with the acceptor to pay the bill. If the evidence had furnished any reasonable ground for the inference that the plaintiff had purchased, and not paid the bill, the. refusal of some of these instructions might perhaps have misled the jury; but as the,re was no ground for any such presumption, such of the propositions are were true in the abstract were inapplicable to the case, and were, therefore, properly withheld. It may be true, that the plaintiff paid the money “in the faith of the solvency of the acceptor as well as the drawer,” and that he looked to the solvency of both as, a security for reimbursement. But he had no right to rely upon the liability of any one but the drawer, upon the faith of whose request and representations, he incurred the hazard, and from whose letter he might have inferred that the acceptor would not be bound-to him.
Upon the whole case, we perceive no error either .in, the instructions, or the verdict, and therefore the judgment is affirmed. -